Jordan A. Kroop (jkroop@perkinscoie.com)
Jean-Jacques Cabou (jcabou@perkinscoie.com)
Deborah M. Gutfeld (dgutfeld@perkinscoie.com)
PERKINS COIE LLP
1900 Sixteenth Street
Suite 1400
Denver, CO 80202-5255
(303) 291-2300

Counsel for Robert Lamey and Paige Heid

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| In re | |
|---|---|
| IMOGENE AND WILLIE, LLC, a Colorado limited liability company, | Case No. 16-18612-MER<br>Chapter 11 |
| EIN #46-3035807 | |
| Alleged Debtor | |

## MOTION TO DISMISS INVOLUNTARY PETITION

Robert Lamey and Paige Heid ("**Lamey/Heid**"), the initial petitioners who filed the involuntary Chapter 11 petition against Imogene and Willie, LLC (the "**Alleged Debtor**") on August 30, 2016 [Doc. #6], move the Court for an order under Bankruptcy Code § 303(j)(2) dismissing the involuntary petition. Lamey/Heid affirmatively represent to the Court that The Dock, LLC, Julia Dransfield, and Muse Management, Inc., the three entities who joined as additional petitioners under Bankruptcy Code § 303(c) (the "**Subsequent Petitioners**") as well as the Alleged Debtor have all expressed their consent to the Court's dismissal of the petition. In support of this motion, Lamey/Heid respectfully refer the court to the entire record of this Chapter 11 case and to the following points and authorities.

**Procedural Posture**

1. Lamey/Heid filed the involuntary petition on August 30, 2016. The Subsequent Petitioners all joined as petitioners under Bankruptcy Code § 303(c) over the following four weeks. The Alleged Debtor filed its *Answer to Involuntary Petition* on September 26, 2016 [Doc. #24], disputing, among other things, the allegations made in the involuntary petition and the validity of the debts alleged to be owing to Lamey/Heid and to The Dock, LLC.

2. The Court scheduled an evidentiary hearing on the involuntary petition for November 30, 2016. Over the course of a few weeks, Lamey/Heid engaged in settlement negotiations with the Alleged Debtor. On November 14, 2016, the Alleged Debtor, Lamey/Heid, and the Subsequent Petitioners jointly moved the Court for a stay of the evidentiary hearing and related deadlines pending documentation of a settlement reached in principal as a result of those negotiations [Doc. #34]. The Court granted the requested stay later that same day [Doc. #35].

**Relief Requested**

3. This motion seeks an order immediately dismissing the involuntary petition under Bankruptcy Code § 303(j)(2).

4. Documents formalizing a settlement between the Alleged Debtor and Lamey/Heid have now been executed and all parties—Lamey/Heid, the Alleged Debtor, and the Subsequent Petitioners—all desire that the involuntary petition be dismissed without delay.

5. Bankruptcy Code § 303(j)(2) provides that "Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section— … (2) on consent of all petitioners and the debtor…" Here, all petitioners and the Alleged Debtor consent to the dismissal of the petition.

Notice of this motion has been given to all creditors known to Lamey/Heid (that is, all parties who have received the notices in this case).

6. All parties agree that they will bear their own costs associated with the involuntary petition and the proceedings in this case. That is consistent with Bankruptcy Code § 303(i), which provides that costs, fees, and damages may be assessed against petitioners only if dismissal of the petition is on a basis "other than on consent of all petitioners and the debtor…"

**Conclusion**

7. For the reasons stated above, Lamey/Heid, with the consent of the Alleged Debtor and all other petitioners, respectfully request that the Court enter an order, substantially in the form attached to this motion, dismissing the involuntary petition under Bankruptcy Code § 303(j)(2).

November 25, 2016       PERKINS COIE LLP

By:  *s/ Jordan A. Kroop*
     Jordan A. Kroop
     Jean-Jacques Cabou
     Deborah M. Gutfeld

Counsel for Lamey/Heid